1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ANTONIO LOPEZ,                          CASE NO. 1:07-cv-01526-AWI DLB PC

10                    Plaintiff,            ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO FILE AMENDED COMPLAINT
11       v.                                 WITHIN THIRTY DAYS

12   KEN CLARK, et al.,                     (Doc. 1)

13                    Defendants.
                                        /
14

15                                **Screening Order**

16   **I.    Screening Requirement**

17           Plaintiff Antonio Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October

19   19, 2007.

20           The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff is currently housed at the California Substance Abuse Treatment Facility (CSATF) in Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at Avenal State Prison. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from prison officials' failure to provide him with proper and/or adequate medical treatment. Plaintiff names Ken Clark, Warden at CSATF, the Warden at Avenal State Prison, and unknown staff as defendants. Plaintiff seeks money damages.

Plaintiff states that on April 16, 2004 he was working at the furniture factory at Avenal State Prison when an accident involving plaintiff's eyes occurred. Plaintiff was informed by an ophtalmologist that due to the time between his appointments, plaintiff's sight was damaged beyond repair. Plaintiff states that due to "deliberate indifference", he has lost his eyesight.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

1  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

2  Cir. 1997) (en banc) (internal quotations omitted)).

3  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

4  pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d

5  at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or

6  intentionally interfere with medical treatment, or it may be shown by the way in which prison

7  physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

8  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

9  further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical

10  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

11  407 (9th Cir. 1985)).

12  Plaintiff has adequately alleged the existence of a serious medical need.  However, Plaintiff

13  has not alleged any specific facts linking each named defendant to an act or omission which

14  demonstrates a violation of his rights.  Plaintiff is required to briefly set forth facts in support of his

15  claims against the named defendants (e.g., identify what the defendant did or did not do).  Fed. R.

16  Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

17  The Civil Rights Act under which this action was filed provides:

18  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the deprivation
19  of any rights, privileges, or immunities secured by the Constitution .
   . . shall be liable to the party injured in an action at law, suit in equity,
20  or other proper proceeding for redress.

21  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

22  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

23  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

24  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

25  Section 1983 offers no redress." Id.

26  Section 1983 plainly requires that there be an actual connection or link between the actions

27  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

28  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

3

person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

The Court will provide Plaintiff with the opportunity to file an amended complaint.

**III.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is informed that he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the

4

defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:**   **August 25, 2008**              _____/s/ **Dennis L. Beck**_____
                                         UNITED STATES MAGISTRATE JUDGE